UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22966-CIV-KING/GARBER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$99,480 IN U.S. CURRENCY,

    Defendant.
_____/

## ORDER DENYING CLAIMANT'S MOTION TO COMPEL

THIS CAUSE is before the Court on claimant Guzman's Motion to Compel Plaintiff to Disclose Documents (DE 51) filed on May 23, 2007 and the government's response in opposition (DE 52) filed on June 7, 2007. Said motion seeks to compel the government to produce all of its investigatory records to the claimant, or in the alternative, to be turned over to the Court for an *in camera* inspection. No reply has been filed by the claimant Guzman.

Upon due consideration of said motion, response and a review of the record in this cause, it is hereby

ORDERED that the claimant's Motion to Compel Plaintiff to Disclose Documents is DENIED.

Claimant alleges that there is no longer a criminal investigation. In light of the fact that the government stated that there is a criminal investigation, the records which pertain

to the criminal investigation are privileged and need not be produced in civil discovery. See Fed.R.Crim.P. 6(e), *United States v. Phillips*, 843 F.2d 438 (11th Cir. 1988). The records relating to an ongoing criminal investigation are also privileged under the investigative files privilege. *Sirmans v. City of South Miami*, 86 F.R.D. 492, 495 (S.D. Fla. 1980). Additionally, the claimant has not demonstrated any specific need for the material under the factors set forth in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D.Pa.1973).

In regard to the reports of investigation pertaining to the civil case, any reports not disclosed by the government, are protected by the work product doctrine. *United States v. Chatham City Corp.*, 72 F.R.D. 640, 643 (S.D.Ga. 1976). The government has waived the work product doctrine as to any reports already disclosed to the claimant.

As to the claimant's requests during the deposition whether the government has been conducting an investigation, the specifics of the investigation and whom the government has interviewed, the responses sought by the claimant are protected from disclosure by the investigatory files privilege and the work product doctrine. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Nadler v. United States Dept. of Justice*, 955 F.2d 1479, 1492 (11th Cir. 1992); *Arenberg v. Drug Enforcement Administration*, 849

F.2d 579 (11th Cir 1988); *Sirmans v. City of South Miami*, 86 F.R.D. 492 (S.D. Fla. 1980).

Accordingly and in view of the foregoing, the privileges asserted by the government have been properly invoked.

DONE AND ORDERED in Chambers at Miami, Florida this 20th day of June 2007.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

cc: counsel of record